**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tim Wayne Fox,<br><br>      Petitioner,<br><br>vs.<br><br>United States of America,<br><br>      Respondent. | No. CV-24-00299-PHX-SPL (ASB)<br>No. CR-22-01604-PHX-SPL<br><br>**ORDER** |

   On February 12, 2024, Petitioner Tim Wayne Fox filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The Honorable Alison S. Bachus, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 7) recommending that the Court deny the Petition. Petitioner filed an Objection to the R&R (Doc. 8), and following review, on September 12, 2024, the Court adopted the R&R, denied the petition, and overruled the Petitioner's objections. (Doc. 9). *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). On October 1, 2024, Petitioner filed his Motion for Reconsideration (Doc. 11), which the Court construes as a timely motion for relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1]

---

[1] A motion for reconsideration can be brought before the Court under either Federal Rule of Civil Procedure 59(e) or 60(b). Such a motion is treated as a motion to alter or amend the judgment pursuant to Rule 59(e) if it is brought within 28 days after entry of judgment; if the motion is filed outside of the 28-day window, it is treated as a Rule 60(b) motion for relief from judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Reconsideration is disfavored and "appropriate only in rare circumstances." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Motions for reconsideration are "not the place for parties to make new arguments not raised in their original briefs," nor should such motions be used to ask the Court to rethink its previous decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003). The Court may grant a motion under Rule 59(e) if the district court is presented with newly discovered evidence, it committed clear error, the initial decision was manifestly unjust, or there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Petitioner has not presented any basis warranting reconsideration of the Court's prior order. Petitioner argues that the Magistrate Judge failed to properly consider all the evidence and therefore did not consider the merits of his original motion. (Doc. 11 at 1–2). However, Petitioner's Motion merely repeats the arguments the Magistrate Judge and this Court already considered in denying his petition for habeas relief. Petitioner must show more than disagreement with the Court's decision; he must show that extraordinary circumstances warrant setting aside the judgment in this action. Petitioner has not done so here. As such, the Court finds that Petitioner's Motion does not satisfy the requirements of Rule 59(e). Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Doc. 11) is **denied**.

Dated this 2nd day of October, 2024.

Honorable Steven P. Logan
United States District Judge